No. ——

First Circuit

CARAMELLA BROTHERS v. SHERIDAN

(June 26, 1926, Opinion and Decree)

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Appeal—Par. 625; Obligations—Par. 183.**

The finding of the trial court that there was a contract entered into and the defendant actively breached the contract being eminently correct is affirmed.

2. **Louisiana Digest—Damages—Par. 107.**

The amount of damages for a breach of contract allowed by the trial court being insufficient according to the evidence is increased by the appellate court.

Appeal from the Parish of Washington, Hon. Prentiss B. Carter, Judge.

Action by Caramella Brothers against Mrs. Martha Sheridan. There was judgment for plaintiff and defendant appealed.

Judgment increased and affirmed.

Miller and Richardson, of Bogalusa, attorneys for plaintiff, appellee.

Ott and Rich, of Bogalusa, attorneys for defendant, appellant.

LECHE, J. Plaintiffs sue for damages in the sum of two hundred and seventy-five dollars, for the breach of a contract whereby they were to build a house for defendant, in the town of Bogalusa, in consideration of three thousand eight hundred and forty-seven dollars. They allege that they had moved part of the material necessary to begin the erection of the building, had made excavations for the foundations, when without notice to them, defendant entered into a contract with one A. LeBlanc to erect the same building, put said LeBlanc in possession of the premises and started him in the construction of the building. The claim for damages is based upon the work of plaintiffs for drawing a plan and making specifications, hauling material, for labor, and loss on material.

Defendant excepted to plaintiff's petition on the ground that it did not allege a putting in default. Default is only necessary before suing on a passive breach of contract. C. C. 1932. We can imagine of no violation of a contract more specifically active than that alleged in plaintiffs' petition, whereby the contractors were practically as expressed colloquially, shut out from undertaking the work that defendant had agreed for them to perform. A putting in default would have been a mere vain formality.

The evidence shows that a contract was entered into between plaintiffs and defendant as alleged in the petition. That plaintiffs prepared to undertake the erection of a building in accordance with the terms of the contract; that they hauled material on the grounds and made the excavations necessary to build the foundations and that defendant through her son-in-law requested plaintiffs to hold up a little while and not start until notified. The evidence further shows that plaintiffs were never notified to proceed with the work and that defendant then made a contract with one A. LeBlanc who at once started to build the house and who was engaged in that work when this suit was filed.

It is thus shown beyond doubt that the contract was made and signed as alleged by plaintiffs and that defendant actively violated the same.

The only other question determined in the judgment is the amount of damages which the district judge fixed at ninety dollars. Defendant appealed from that judgment, and plaintiffs have answered the appeal and pray that the judgment be increased from ninety dollars to two hundred and seventy-five dollars as demanded in their petition. We have no means of ascertaining how our learned brother of the district court reached his finding on the quantum of damages, but it appears to us from the evidence that plaintiffs are entitled to recover, for plans and specifications, twenty-five dollars, for preparing ground and making excavations, twenty-five dollars, for hauling, forty dollars, and for loss and deterioration of material, one hundred dollars, or altogether the sum of one hundred and ninety dollars. We therefore believe that plaintiffs damages should be increased to that amount.

For these reasons the judgment appealed from is amended by increasing the amount of damages due to plaintiffs from ninety dollars to one hundred and ninety dollars and as thus amended, it is ordered that said judgment be affirmed.